UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PRICE, #619545,

    Petitioner,

v.                                       CASE NO. 2:13-CV-13406
                                            HONORABLE PATRICK J. DUGGAN

JEFFREY WOODS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Jesse Price ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced to consecutive terms of 20 to 60 years imprisonment and two years imprisonment in 2008. His sole claim on habeas review is that he has newly-discovered evidence (two affidavits indicating that the victim had a gun at a party prior to the incident) which

would support his self-defense claim. Petitioner exhausted this issue on collateral review in the state courts.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (instructing that § 2243 imposes a duty on district courts to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be dismissed.

## II. Standard of Review

In order to demonstrate that he is entitled to federal habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard

of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

## III. Analysis

Petitioner asserts that he has newly-discovered evidence which would support his self-defense claim. On collateral review, the state trial court denied relief on this claim finding that there was sufficient evidence, including Petitioner's own testimony, to support Petitioner's convictions and that the newly-discovered "testimony of others claiming that before the incident they saw the deceased with a gun would not cause a different result based on defendant's testimony and the evidence presented by the People." *People v. Price*, No. 07-8920 (Wayne Co. Cir. Ct. Nov. 1, 2010). The Michigan Court of Appeals denied Petitioner's request for remand and denied leave to appeal "for failure to meet the burden of establishing

entitlement to review under MCR 6.508(D)." *People v. Price*, No. 309072 (Mich. Ct. App. Aug. 24, 2012). The Michigan Supreme Court similarly denied leave to appeal. *People v. Price*, 493 Mich. 967, 829 N.W.2d 223 (2013). The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[1] Petitioner has failed to establish a constitutional violation.

To the extent that Petitioner alleges a violation of state law in his pleadings, he is not entitled to relief from this Court. Alleged trial court errors in the application of state law are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) (re-emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). Thus, given that a federal habeas court may not correct a state court's misapplication of its own law, a state court's denial of a motion for remand or other relief based upon newly-discovered evidence does not provide a basis for federal habeas relief. *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986).

Furthermore, claims of actual innocence based on newly-discovered

---

[1] The Court would reach the same result under a *de novo* standard of review.

evidence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution– not to correct errors of fact." *Id.* In *House v. Bell*, the United States Supreme Court declined to answer the question left open in *Herrera*– whether a habeas petitioner may bring a freestanding claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 555, 126 S. Ct. 2064, 2087 (2006) (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional and warrant federal habeas relief if there were no state avenue open to process such a claim").

Citing *Herrera* and *House*, the United States Court of Appeals for the Sixth Circuit has ruled that a free-standing claim of actual innocence based upon newly discovered evidence does not warrant federal habeas relief. *See Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007); *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that [Petitioner] is not entitled to relief under available Supreme Court

-5-

precedent."); *see also Sitto v. Lafler*, 279 F. App'x 381, 381-82 (6th Cir. 2008) (affirming denial of habeas relief on similar claim). Consequently, Petitioner's claim that he is entitled to an evidentiary hearing or a new trial based upon newly-discovered evidence fails to state a claim upon which federal habeas relief may be granted. His petition must therefore be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief and the petition must be dismissed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). The Court concludes that Petitioner has failed

to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

Dated: August 28, 2013          s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copy to:
Jesse Price, #619545
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784