UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PRICE, #619545,

    Petitioner,

v.                                                 Case No. 2:13-CV-13406
                                                Honorable Patrick J. Duggan

JEFFREY WOODS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER JUDGMENT AND TO AMEND HABEAS PETITION AND DENYING CERTIFICATE OF APPEALIABILITY

    Michigan prisoner Jesse Price ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence for second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. This Court summarily dismissed the petition in an opinion and order entered August 28, 2013, and entered a judgment on the same date. Presently before the Court is Petitioner's motion to alter the judgment and to amend his habeas petition to add an ineffective assistance of trial counsel claim, filed pursuant to Rule 59(e) and 15(a) of the Federal Rules of Civil Procedure on September 12, 2013.[1] For the

---

[1] The motion is signed and dated on September 9, 2013.

reasons that follow, Petitioner's motion is denied and the Court declines to issue a certificate of appealability.

## Applicable Standards

Motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." See Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. Moreover, where final judgment has been entered, the plaintiff cannot seek to amend the complaint "without first moving to alter, set aside or vacate judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of

Civil Procedure." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *Id*. (internal quotation marks and citation omitted).

## Analysis

In his initial habeas petition, Petitioner's sole claim for relief was that he has obtained newly-discovered evidence which would support his self-defense claim. The state court denied relief on this claim finding that there was sufficient evidence to support Petitioner's convictions and that the newly-discovered evidence would not cause a different result. This Court summarily dismissed the petition, concluding that this decision was neither contrary to Supreme Court precedent nor an unreasonable application therefore. The Court also noted that it would reach the same result as the state court under a *de novo* standard of review.

Petitioner does not attempt to demonstrate that this decision was clearly erroneous or that newly discovered evidence or an intervening change in controlling law demands a different outcome. He also cannot show that altering the judgment is required to prevent manifest injustice. Plaintiff's ineffective assistance of trial counsel claim would fail for the same reason that his newly-

-3-

discovered evidence claim did. Plaintiff cannot demonstrate that "there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984).

## Conclusion

For these reasons, the Court concludes that the judgment should not be altered to allow Petitioner to file an amended habeas petition. Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to alter the judgment and to amend the habeas petition is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability with respect to this decision will not issue.

Dated: September 30, 2013         s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copy to:
Jesse Price, #619545
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784